UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUSSELL BERNARDINI,

        Plaintiff,

   v.

MARIN COUNTY SUPERIOR COURT,

        Defendant.

No. C 13-2304 EDL (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner proceeding pro se seeks a writ of mandamus. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.   Legal Claims**

While incarcerated, plaintiff was charged with battery against staff and possession of weapon related to an incident where plaintiff allegedly threw urine and feces on a correctional officer and a nurse and was found with a piece of scrap metal that could be used as a weapon. A case was later brought against plaintiff in Marin County Superior Court. Plaintiff states that he was improperly found guilty as no fingerprints were taken

from the scrap metal and no DNA test was taken of the urine and feces to link him to the charged acts. Plaintiff seeks this court to compel the state court to perform DNA and fingerprint testing.

The common-law writ of mandamus against a lower court is codified at 28 U.S.C. § 1651(a), which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This is a "'drastic and extraordinary'" remedy "'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–260 (1947)).

However, 28 U.S.C. § 1651(a) does not invest a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (Eleventh Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. *Demos v. U.S. District Court*, 925 F.2d 1160, 1161–62 (9th Cir. 1991); *Robinson v. California Bd. of Prison Terms*, 997 F.Supp. 1303, 1308 (C.D. Cal.1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties).

As this court does not possess the authority to compel the state court to perform the DNA and fingerprint testing, this action must be dismissed. As it is clear no amount of amendment would cure the deficiencies discussed above, this action is dismissed with prejudice as frivolous.[1]

///
///

---

[1] Even if the court were to construe this filing as a complaint pursuant to 42 U.S.C. § 1983, the case would be dismissed with prejudice for the same reasons.

2

**CONCLUSION**

For the reasons set forth above this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated: June 24, 2013.

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

G:\PRO-SE\EDL\CR.13\Bernardini2304.dsm.wpd